[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT 226.00
This case comes to this comes to this court on a motion for contempt for failure to pay child support among other things. The court heard extensive testimony from the parties. The court reviewed all of the exhibits introduced into the evidence and reviewed all relevant transcripts concerning prior proceedings. The court starts out by indicating that this is a case that will have a long life in this courthouse. It has already been in this court since 1989. Judges Hauser, Copetto, Novack, Ryan, and Family Support Magistrate Kochiss Frankel have all been involved in this case at one time or another. Both of the parties in this case wish to do things their way. It appears to this court that part of the problem in the case is the involvement of the wife's husband, one Shaymus O'Neill. By his conduct with letter writing he created some ambiguous situations that might not have occurred otherwise.
The court finds however that the orders of the court were clear and it is clear to this court that Joseph Novack violated those orders. He has chosen to do things his way. The court notes that at a time when he was not paying child support he found funds to keep his boat moored and maintained, he had Cleveland Browns football tickets, he had baseball tickets, he made a contribution to John Carrol University in the approximate sum of $1,200, he had a large family "pig roast," he had Super Bowl tickets, and generally had funds to provide for some of the extras in his life.
This court is not critical of people who choose to enjoy themselves in the fashion listed above. The court does however find that the highest obligation that one has is to comply with court orders. Once court orders have been complied with parties may then, as this court perceives it, address their own disposable income in whatever fashion they desire. Accordingly this court finds the husband to be in willful violation of a court order and orders the following:
1. The court finds that there is an outstanding medical bill arrearage in the sum of $1,226.10 and that is ordered to be paid.
2. That there is an outstanding medical insurance bill in the sum of $195.78 and that is ordered to be paid.
3. The court finds that there is an arrearage on child support in the sum of $774 and that is ordered to be paid. There is dispute as to whether or not a check for $566 was erroneously not credited to payments. The court finds that the most convincing CT Page 7280 evidence is the documentation on file showing that that payment has not been received. If it is documented that in fact that payment has been received, that may be credited against the outstanding arrearage.
4. The court orders the husband to pay the filing fees of $25.
5. The court orders the husband to pay $276.50 for the transcript ordered.
6. The court orders the husband to pay interest on the unpaid balance in the sum of $850. The wife has computed the interest at $1,142.54. The court has reviewed the Ohio Family Law Statutes and has determined 10% is the rate. The court has reduced the amount of interest based on its own review of payments and finds that this is an appropriate award under all the circumstances.
7. The court has reviewed the husband's financial affidavit filed on August 2, and finds that he does not have the liquid assets necessary to make the above payment in full. The court orders that he make current immediately the arrearage of $774. The court orders that the remainder of the amount due in the total sum of $2,573.38 be paid by the husband paying an additional $75 per week on the arrearage once he has received clearance from his doctor to return to work.
KARAZIN, J.
Decision entered in accordance with the foregoing 8/13/93 (Karazin, J.) Assist. Clerk
All Counsel and prose notified 8/13/93